# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEROME MERAZ**  **PLAINTIFF**
**ADC #113295**

V.   NO. 4:25-cv-01111-BSM-ERE

**ARKANSAS DEPARTMENT**
**OF CORRECTION,** *et al*.   **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact.

### II.   Background

*Pro se* plaintiff Jerome Meraz, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Meraz's original complaint was deficient, the Court provided Mr. Meraz an

opportunity to file an amended complaint clarifying his constitutional claims.[1] *Doc. 5*. Mr. Meraz has now filed an amended complaint. *Doc. 6*.

Because Mr. Meraz's amended complaint fails to allege facts sufficient to state a plausible constitutional claim for relief, I now recommend that Mr. Meraz's amended complaint be dismissed, without prejudice.

### III.   Discussion

####   A.   Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[1] Mr. Meraz's original complaint alleged that: (1) from April 2023 until August 2025, while he was housed at the Delta Regional Unit ("DRU"), the bathrooms did not provide inmates sufficient privacy in violation of the Prison Rape Elimination Act ("PREA"); (2) ADC officials lost a thumb drive containing a video recording that he was provided access to for another federal lawsuit that he filed; and (3) Defendants Lieutenant Taylor and Lieutenant Mosley failed to follow ADC policy by charging him with a major disciplinary after his legal mail allegedly tested positive for K2 without having the mail tested by an outside laboratory. Mr. Meraz sued the Arkansas Department of Correction, Director Dexter Payne, Warden Michelle Gray, Deputy Warden Carroll, Lieutenant J. Taylor, and Lieutenant Mosley in both their individual and official capacities seeking monetary damages.

B.  **Mr. Meraz's Amended Complaint Allegations**

Mr. Meraz's amended complaint alleges that: (1) Defendants Lieutenant J. Taylor and Lieutenant Mosley violated ADC policy when they charged him with a major disciplinary after his legal mail allegedly tested positive for K2 without first having the mail tested by an outside laboratory; (2) Defendant Dexter Payne violated ADC policy by upholding the disciplinary conviction for the underlying disciplinary charges; and (3) as a result of the disciplinary conviction, Mr. Meraz was sentenced to 30 days of punitive isolation, 60-day restriction on telephone privileges, visitation, and commissary, a reduction in class, and a loss of 365 good-time credits in violation of his due process rights.[2] He sues Lieutenant Taylor, Lieutenant Mosley, and Director Payne in both their individual and official capacities seeking monetary and injunctive relief (restoration of good time credit).[3]

C.  **Violation of ADC Policy and Procedure**

The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas*

---

[2] While Mr. Meraz does not specifically state that Defendant Payne violated his due process rights by upholding the disciplinary conviction, the Court assumes this is the claim Mr. Meraz attempted to assert in his amended complaint.

[3] Because Mr. Meraz does not name the Arkansas Department of Correction Warden Michelle Gray, or Deputy Warden Carroll as Defendants in his amended complaint, he has abandoned his claims against those Defendants. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect); *Doc. 5 at 6*.

*Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). As a result, Mr. Meraz's allegations that Defendants violated ADC policy and procedure by charging him with a disciplinary without sufficient evidence and then upholding the disciplinary conviction fail to state a plausible constitutional claim.

### D.     Due Process Claim

Due process requires that an inmate receive: (1) advance written notice of the disciplinary charge; (2) an opportunity to call witnesses and present a defense; (3) a written statement of the evidence the factfinder relied on and the reason for the disciplinary action; and (4) findings that are supported by "some" evidence. *Wolf v. McDonnell*, 418 U.S. 539, *563-67*. However, to be entitled to the due process protections provided by the Fourteenth Amendment, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Meraz's due process claim must be based on the alleged denial of a liberty interest.

Mr. Meraz's amended complaint alleges that, as a result of the wrongful disciplinary conviction: (1) he was sentenced to punitive isolation for 30 days; (2) his commissary, visitation, and telephone privileges were restricted for 60 days, (3) his classification was reduced; and (4) he lost 365 days of good time credit. Such punishment is not severe enough to trigger a constitutionally protected liberty

interest.[4] As a result, Mr. Meraz's amended complaint fails to state a plausible due process claim.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Meraz's amended complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 6 November 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).